# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2206

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Nephi Sky Antelope, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 10, 2008
Filed:  December 8, 2008

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Nephi Sky Antelope pleaded guilty to one count of assault with a dangerous weapon with intent to do bodily harm, a violation of 18 U.S.C. §§ 1153 and 113(a)(3). Before his sentencing hearing, Antelope moved to withdraw his guilty plea, contending that the federal prosecution subjects him to double jeopardy because he previously pleaded no contest to a similar charge involving the same incident in tribal court.  The district court[1] denied the motion and sentenced Antelope to fifty-seven

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

months' imprisonment.  Antelope appeals from the denial of the motion.  We dismiss the appeal.

## I.

Antelope is a member of the Cheyenne River Sioux Tribe.  On August 17, 2007, Antelope assaulted Winfield Little Dog (a.k.a. Winfield Kills Crow) with a dangerous weapon while on the Standing Rock Indian Reservation in South Dakota.  He pleaded no contest to complicity to aggravated assault in Standing Rock Sioux Tribal Court.  Pursuant to a plea agreement, Antelope was sentenced to ninety days' imprisonment, seventy-one of which were suspended, and was ordered to leave the Standing Rock Indian Reservation for one year.

Antelope was indicted in federal district court for the same incident and pleaded guilty to one count of assault with a dangerous weapon.  He entered into a written plea agreement, wherein he waived his defenses and right to appeal.  On February 19, 2008, Antelope entered his guilty plea before the district court.  At the hearing, defense counsel confirmed that he had explained Antelope's statutory and constitutional rights to him and that he was satisfied that Antelope understood them.  Antelope confirmed that he had reviewed the written plea agreement with his counsel and that he read it carefully himself before signing it.  Antelope also confirmed that he understood that he had given up his right to appeal, with the exception of appealing from a sentence imposed above the guidelines range.  The court advised Antelope that with the above-noted exception:

> [Y]ou have given up all rights to appeal and so if you don't like what I do in your case as to the facts or the law or in general what your sentence is, you have no place to go.  You cannot go to the Court of Appeals in St. Louis, Missouri, and you cannot go to the United States Supreme Court and so you would be stuck with what I do in your case, right or wrong

. . . so you are giving up very valuable rights. Do you understand all that, sir?

Antelope responded, "Yes, sir." Antelope stated that he was entering his plea voluntarily and then pleaded guilty to the federal offense.

Thereafter, Antelope moved to withdraw his guilty plea. He argued that because he had pleaded no contest to a similar charge related to the same incident in tribal court, the Fifth Amendment's double jeopardy clause barred the federal prosecution and thus deprived the district court of jurisdiction. The district court disagreed and denied Antelope's motion, concluding that Antelope had not presented an adequate reason for requesting withdrawal of the plea.

II.

We review a waiver of appellate rights to "confirm that the appeal falls within the scope of the waiver and that both the waiver and the plea agreement were entered into knowingly and voluntarily." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). If these conditions are met, we will enforce the waiver unless doing so would result in a miscarriage of justice. Id. at 890. Antelope does not challenge the validity or scope of the waiver, contending only that the prosecution of the federal offense violates the Fifth Amendment's double jeopardy clause because of his earlier plea in tribal court.

The Supreme Court's opinion in United States v. Lara, 541 U.S. 193 (2004), forecloses Antelope's argument. In Lara, a member of the Turtle Mountain Band of Chippewa Indians pleaded guilty to the crime of violence to a policeman in Spirit Lake Tribal Court. Id. at 196. After his tribal court conviction, the federal government charged the defendant with a federal offense based on the same incident. Id. at 197. The Supreme Court held that the double jeopardy clause did not prohibit

-3-

the government from prosecuting the defendant for a discrete federal offense even though he had pleaded guilty to a similar tribal offense.  <u>Id.</u> at 210.  Because a tribe exercises its inherent tribal authority when it prosecutes nonmember Indians, the tribe acts in its capacity as a sovereign.  <u>Id.</u>  The tribal prosecution did not amount to an exercise of federal power, and thus the double jeopardy clause did not apply.  <u>Id.</u>

Enforcing the waiver provision in the plea agreement will not result in a miscarriage of justice because Supreme Court precedent bars Antelope's only argument.  Antelope thus cannot appeal from the district court's denial of his motion to withdraw his plea agreement.

**Conclusion**

The appeal is dismissed.

_____